NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH STEVENS,<br><br>    Plaintiff,<br><br>v.<br><br>SANTANDER HOLDINGS USA, INC. SELF-INSURED SHORT TERM DISABILITY PLAN, SANTANDER HOLDINGS USA, INC. LONG TERM DISABILITY PLAN, SANTANDER HOLDINGS USA, INC. and LIBERTY LIFE ASSURANCE COMPANY OF BOSTON d/b/a LIBERTY MUTUAL,<br><br>    Defendants. | Civil Action No. 11-7473 (PGS)<br><br>MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge**

This matter has been opened to the Court upon Motion [Docket Entry No. 29] by Plaintiff Joseph Stevens ("Plaintiff") seeking an Order compelling discovery from Defendants Santander Holdings, USA, Inc., et al. ("Defendants"). Defendants oppose Plaintiff's motion [Docket Entry No. 31]. The Court has fully reviewed the submissions of the parties and considers same without oral argument pursuant to FED. R. CIV. P. 78. For the foregoing reasons, Plaintiff's Motion to Compel is DENIED WITHOUT PREJUDICE.

**I.  Background and Procedural History**

Plaintiff, Joseph Stevens, is a former employee of Defendant Santander Holdings, USA, Inc., where he was employed for several years as a Retail Investment Service Representative. The underlying case relates to Plaintiff's appeal of Short Term Disability (STD) and Long Term Disability (LTD) eligibility. Santander's Short Term Disability Plan is self-funded and

administered by Liberty Life Assurance Company of Boston ("Liberty"). The Long Term Disability Plan is a group insurance policy ("Policy"), underwritten, funded, and administered by Liberty for the benefit of eligible employees of Santander Holdings, USA.

After being diagnosed with several medical impairments, Plaintiff applied for an STD claim, subsequently approved by Liberty, which paid him benefits from October 5, 2010 through February 5, 2011. After the initial approval of the STD claim, Liberty had an independent physician, Dr. Sara Kramer, Board Certified in Internal Medicine and Rheumatology, review Plaintiff's file. Dr. Kramer determined that Plaintiff could perform a "desk type position," and on March 1, 2011, Liberty discontinued Plaintiff's STD benefits. As a result of this, Plaintiff was no longer eligible for LTD benefits.

Plaintiff submitted an administrative appeal of Liberty's determination on August 19, 2011. Plaintiff's file was reviewed by The Disability Nurse Case Manager and a second physician, Dr. Mark Burns, also Board Certified in Internal Medicine and Rheumatology. Both agreed with Dr. Kramer's original assessment. On November 10, 2011, Liberty claim adjuster Janelle Paine issued a final statement, denying Plaintiff's claim.

Plaintiff then brought this action in federal court on December 22, 2011 [Docket Entry No. 1] alleging violation of the Employee Retirement Income Security Act of 1974 ("ERISA").

**A. Plaintiff's Position**

Plaintiff contends that Plaintiff is entitled to additional discovery for the reasons stated below. Plaintiff asserts that the appropriate standard of review for the Court is *de novo* and not the "arbitrary and capricious"/ abuse of discretion standard that the Defendants assert is appropriate. Plaintiff asserts that expanded discovery, beyond Plaintiff's medical file is necessary

2

for a proper *de novo* review. Alternatively, Plaintiff maintains that even under an abuse of discretion standard, Plaintiff is entitled to discovery to establish conflicts of interest and procedural irregularities that may have taken place during the review of Plaintiff's medical condition and continuation of his benefits.

### 1. Standard of Review

Plaintiff argues that the proper standard of review of his STD Policy is *de novo*. Plaintiff does not contend, and in fact concedes, that the language in the LTD plan will likely trigger a deferential review of the denial of such benefits. *Plaintiff's Brief in Support,* Entry No. Document 29-1, *17. Plaintiff disagrees with Defendant that the literal language of the benefit plan confers discretionary authority on the administrator, and without the proper terminology, the abuse of discretion standard is inappropriate. *Plaintiff's Brief in Support,* Entry No. Document 29-1, *8. Plaintiff claims that the clause in Liberty's STD policy, "Liberty reserves the right to determine if your Proof of loss is satisfactory" is inadequate to vest Liberty with the discretion necessary to invoke the abuse of discretion standard. *Id.* at *9. Plaintiff cites the Third Circuit holding in *Viera v. Life Ins. Co. of North America*, 642 F.3d 407, 414 (3d. Cir. 2011), which states that "the mere requirement to submit 'satisfactory proof' does not confer discretion upon an administrator, and thus, does not insulate the administrator from *de novo* review" because the "satisfactory"language is ambiguous. Plaintiff argues that the language of the instant plan is likewise insufficient to confer discretion, and therefore the *de novo* standard of review prevails over the arbitrary and capricious one.

### 2. Extent of Discovery under *De Novo* Standard of Review

Plaintiff cites to case law suggesting that ordinary contract principles apply when an

3

administrative decision is reviewed under a *de novo* standard. *Goldstein v. Johnson & Johnson,* 251 F.3d 433 (3rd Cir. 2001); *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101 (1989). Under this approach, discovery would not be limited to the administrative record; full discovery under Fed. R. Civ. P 26 would apply. *Plaintiff's Brief in Support,* Entry No. Document 29-1, *14. Plaintiff likewise cites to cases which have upheld the expansion of discovery under a *de novo* standard. *Shepherd v. Life Ins. Co. of North Amer.,* 2012 U.S. Dist. LEXIS 13453 (N.D.Ill. 2012); *Wise v. Life Ins. Co. of North Amer.,* 2012 U.S. Dist. LEXIS 50231 (C.D.Ill.) 2012); *Haines v. Reliance Standard,* 2010 U.S. Dist. LEXIS 104625 (N.D.Ill. 2010). Plaintiff further cites to cases which have outlined policy considerations and "exceptional circumstances" where expanded discovery is warranted. *Nagele v. Electronic Data Sys. Corp.,* 193 F.R.D. 94 (W.D.N.Y. 2000); *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017 (4th Cir. 1993); *Luby v. Teamsters Health, Welfare and Pension Trust Funds,* 944 F.3d 1176 (3rd Cir. 1991).

Plaintiff asserts that there is both a basis and a need for discovery in this case and that it is especially important that Plaintiff be able to cross-examine claim adjusters and other Liberty claims personnel regarding their decision making process. *Plaintiff's Brief in Support,* Entry No. Document 29-1, *16-17.

### 3.  Conflicts of Interest under Arbitrary and Capricious Standard

Plaintiff maintains that regardless of the standard of review, Plaintiff is still entitled to discovery when a conflict of interest or procedural irregularities are alleged. Plaintiff concedes that the usual means of evaluating a claim under the arbitrary and capricious standard is a review of the administrative record, but argues that expanded discovery may be warranted when there is conflict of interest present. *Plaintiff's Brief in Support,* Entry No. Document 29-1, *17. Plaintiff

alleges that conflict to be the fact that the insurance company (Liberty) was retained by Santander to both evaluate and pay long-term disability claims. *Id.*

Plaintiff cites to case law which endorses the proposition that, if a conflict of interest is alleged and there is a reasonable suspicion of misconduct or procedural irregularities, discovery should be allowed to the extent such misconduct could be confirmed or denied. *Id.* at *18. *Delso v. Trustee of Retirement Plan for Hourly Employees of Merck, Inc.,* 2006 U.S. Dist. LEXIS 76369 (D.N.J. October 20, 2006).

### 4. Procedural Irregularities

Plaintiff argues that the reliance on the opinions of Dr. Kramer and Dr. Burns are evidence of procedural irregularities. *Id.* at *19. Plaintiff claims that Dr. Kramer's opinion is "at complete odds with her noted concessions" and that the fact that she is frequently retained by insurance companies could be evidence of bias. *Id.* Plaintiff believes that the only way to confirm or deny any presence of bias is through the discovery process and seeks discovery pertaining to contractual agreements and payments between the doctors and Liberty.

Likewise with Dr. Burns, Plaintiff contends that his opinion is not as reliable because it is based on file reviews, rather than clinical examinations. *Id.* at *20. Plaintiff criticizes Liberty for "overrel[ying] on [Dr. Kramer's and Dr. Burn's] opinions...in the face of conclusive medical evidence offered by treating and examining physicians who determined that Mr. Stevens is currently disabled from working at any occupation." *Id.* Plaintiff contends that this reliance needs to be explained through discovery. Furthermore, Plaintiff wants to explore Santander's approval of Liberty's recommendation to evaluate whether a full and fair consideration was made to Mr. Stevens's claim.

### B. Defendants' Arguments

Defendants assert that they have complied with applicable law and that Plaintiff has not established any valid reason which entitles him to the discovery he seeks. First, Defendants assert the proper standard of review in this case is arbitrary and capricious, as both the STD and LTD plans confer upon Liberty discretionary authority to construe the terms of the Plans. As a result , Defendants maintain that discovery is limited to the administrative record. Defendants contend that under such an abuse of discretion standard, additional discovery is unnecessary. Second, Defendants state that even under the *de novo* standard, the additional discovery beyond the administrative record is not compulsory, but is for the Court to decide. Third, Defendants argue that Plaintiff has not set forth any evidence of conflicts of interest or procedural irregularities which would entitle Plaintiff to additional discovery.

### 1. Standard of Review

Defendants contend that the standard of review for both the STD and LTD plans is arbitrary and capricious. Regarding the STD plan, Defendants cite case law suggesting that no "magic words" are needed for a plan to grant discretionary authority to an administrator and that the words need not be express, but may be implied. *Defendants' Brief in Opposition,* Entry No. Document 31, *6. Defendants maintain that the language of the STD plan comports with the holding in *Viera* that the plan must only communicate the idea that the administrator has the discretion to interpret and apply the Plan. *Viera v. Life Ins. Co. of North America*, 642 F.3d 407, 414 (3d. Cir. 2011). *Viera* distinguished the language in question (a single phrase, couched in a procedural requirements section) with the language upheld under a arbitrary and capricious standard in *Nance v. Sun Life Assurance Co. of Canada,* 294 F.3d 1263, 1267 (10th Cir. 2002) (the

full sentence, "Proof must be satisfactory to Sun Life). Defendants assert that the language of Liberty's STD plan mirrors that of Sun Life, which the *Viera* court found distinguishable. Furthermore, Defendants point out that the "proof" in *Viera* was found to be ambiguous, while the Liberty's plan clearly defines "proof". Defendants then outline several statements alluding to Liberty's discretion regarding the STD policy. *Defendant's Brief in Opposition,* Entry No. Document 31, *9.

### 2. Extent of Discovery under *De Novo* Standard of Review

Defendants maintain that even under a *de novo* standard, Plaintiff is not entitled to any additional discovery and review is limited to the administrative record. Defendants do concede that it is within the discretion of the Court to expand discovery beyond the administrative record, but argue that this is not such a case where expansion is warranted or needed.

Defendants rely heavily on the remand of the *Viera* case mentioned above. In the *Viera* Remand, the court outlined the procedure for conducting a *de novo* review. *Viera v. Life Insurance Company of North America,* 2012 U.S. Dist. LEXIS 67667 at *7 (E.D.Pa. May 12, 2012). That case held that the Court must decide whether it will allow supplementation of the record and if so, what discovery should be allowed. *Id.* Defendants distinguish Plaintiff's citation to *Luby*, which allowed expanded discovery, arguing that in that case the record was so sparse that additional evidence was needed to make a fully informed determination. Relying on *Luby,* the *Viera* Remand found the administrative record to be sufficient and declined to permit additional discovery.

Defendants argue that the record in this case already includes a "universe of documents this Court would need to conduct a *de novo* review." *Defendant's Brief in Opposition,* Entry No.

Document 31, *13. Moreover, Defendant argues that the information which Plaintiff seeks to supplement the record with is irrelevant and essentially a waste of time.

### 3. Conflicts of Interest under Arbitrary and Capricious Standard

Defendants argue that where the arbitrary and capricious standard is applied, review is limited to the administrative record. However, Defendants note that where a conflict of interest is alleged, the court may inquire into areas beyond the administrative record. Defendants cite a Third Circuit case which limits this inquiry to "cases where an insurance company both reviews benefits denials and pays any benefits owing out of its of funds." *Sanders v. The Hartford,* 2003 U.S. Dist. LEXIS 26874 at *3 (W.D.Pa. June 17, 2003). Defendant argues, and Plaintiff does not contest, that conflict of interest pertains to the LTD plan only.

Defendants argue that "Plaintiff's LTD benefits were denied solely due to his failure to meet the elimination period outlined in the Plan. Thus, Liberty conducted no administrative review of Plaintiff's claim under the LTD plan." *Defendant's Brief in Opposition,* Entry No. Document 31, *14. In addition, Defendants argue that even if the Court were to consider such an allegation, a structural conflict is only one of many factors outlined in *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989) to be considered by the Court for whether to grant heightened discovery.

Furthermore, Defendants argue that if the Court can identify a structural conflict from the face of the administrative record, the Court need not conduct additional discovery with respect to that conflict. *Defendant's Brief in Opposition,* Entry No. Document 31, *15. Defendants argue that because it is clearly evident that Liberty both funds and administers the LTD Plan, additional discovery is not warranted.

### 4. Procedural Irregularities

Defendants contend that there are no procedural irregularities in this case. Defendants argue that, as with conflicts, procedural irregularities are simply one of the *Firestone* factors to be considered during an arbitrary and capricious review. Defendants cite two prior decisions of this Court which hold that the existence of procedural abnormalities is not an automatic trigger permitting discovery beyond the administrative record. *Shvartsman v. Long Term Disability Plan for Choices Eligible Employees of Johnson and Johnson,* 2012 U.S. Dist. LEXIS 80328 (D.N.J. June 11, 2012) and *Muccino v. Long Term Disability Plan for Choices Eligible Employees of Johnson and Johnson,* 2012 U.S. Dist. LEXIS 80327 (D.N.J. June 11, 2012).

Defendants counter that Plaintiff's proffered irregularities are simply differences of medical opinion and that Plaintiff has not cited to any case law allowing for such a difference to be explored through discovery.

### C. Plaintiff's Reply

#### 1. Standard of Review

Plaintiff replies by stating that there is no citation for Defendants' claim that discretion may be inferred from the terms of a plan. *Plaintiff's Reply Brief,* Entry No. Document 33, *1. In addition, Plaintiff claims that Defendants' attempt to distinguish *Viera* is futile because of *Viera*'s requirement that any terminology should clearly indicate that discretion was granted. Plaintiff contends that the language which Defendants rely upon to convey discretion "states nothing more than 'the fact that the applicant must meet the prescribed requirements of the plan'". *Plaintiff's Reply Brief,* Entry No. Document 33, *1-2.

#### 2. Extent of Discovery under *De Novo* Standard of Review

Plaintiff reiterates that *Luby* makes it clear that when a denial of benefits is reviewed *de*

9

*novo*, such review is not limited to the administrative record. Plaintiff criticizes Defendants' reliance on the *Viera* Remand and claims that case is clearly distinguishable from the instant one.

### 3. Conflicts of Interest under Arbitrary and Capricious Standard

Plaintiff sets forth in more detail specific allegations of conflicts of interest. Particularly, termination of benefits without evidence of medical improvement; "rubber stamping" done within minutes of recommendation; Defendants' admission that there was no administrative review of the claim, denying Plaintiff of "full and fair review" pursuant to 29 U.S.C. § 1133; and the termination of benefits prior to the expiration of the elimination period. *Plaintiff's Reply Brief,* Entry No. Document 33, *2-3. Furthermore, Plaintiff gives more specific examples of possible bias: internal inconsistencies in Dr. Kramer's opinions; Liberty's refusal to give credit to the approval of Stevens' Social Security Application; Liberty's heavy reliance on vendors with close financial relationships with insurers; and Liberty's repeated use of doctors who may have an incentive to make a finding of "not disabled." *Plaintiff's Reply Brief,* Entry No. Document 33, *4.

### 4. Procedural Irregularities

Plaintiff asserts that the above examples are indicative of both conflicts of interest and procedural anomalies in the system. Plaintiff also maintains that the appropriate case law was cited with regard to allowing discovery when procedural irregularities are present.

## II. Analysis

### A. Standard of Review

The U.S. Supreme Court has held that a denial of ERISA benefits is to be reviewed *de novo* unless the terms of the benefit plan give an administrator or fiduciary discretionary authority to determine eligibility or construe terms of the plan. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S.

101, 115 (1989). In cases governed by the Employment Retirement Income Security Act ("ERISA") where the plan affords the administrator discretionary authority, the administrator's interpretation of the plan "will not be dismissed if reasonable." *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433, 437 (3d. Cir. 1997) (*quoting Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989). In other words, when a plan administrator has discretion to determine a claimant's eligibility for benefits, the plan administrator's decision is subject to review under an arbitrary and capricious standard. *Doroshow v. Hartford Life and Acc. Ins. Co.*, 574 F.3d 230, 233 (3d Cir. 2009). Under the arbitrary and capricious standard, the claim determination will be upheld if it is supported by substantial evidence. *Doroshow*, 574 F.3d at 234 ("Under a traditional arbitrary and capricious review, a court can overturn the decision of the plan administrator only if it is without reason, unsupported by substantial evidence or erroneous as a matter of law").

Typically in ERISA cases in which the arbitrary and capricious standard of review is used, the Court limits its review of the plan administrator's denial of benefits to only that evidence that was before the administrator when he or she made the decision being reviewed. *See Mitchell,* 113 F.3d at 440 (finding that under an arbitrary and capricious standard of review, the court looks to record as a whole, and that "whole" record consists of evidence that was before administrator when the decision being reviewed was made); *see also Johnson v. UMWA Heath and Ret. Funds*, 125 Fed. Appx. 400, 405 (3d Cir. 2005) (finding that "record for arbitrary and capricious review of ERISA benefits denial is record made before the plan administrator which cannot be supplemented during litigation"). However, the Court notes that "when a reviewing court is deciding whether to employ the arbitrary and capricious standard or a more heightened standard of review, it may consider evidence of potential biases and conflicts of interest that are not found in the

11

administrator's record." *Johnson*, 125 Fed. Appx. at 405-06.   The type of evidence considered by courts focuses on whether a heightened standard of review is required either because there is a question regarding whether a structural conflict of interest exists (i.e. is the entity making benefits determinations also financially interested in those determinations) or because the administrative record is overwrought with procedural anomalies. *See, generally, Kosiba v. Merck & Co.*, 384 F.3d 58, 64-67 (3d Cir. 2004); *Pinto v. Reliance Standard Life Ins. Co.*, 214 F.3d 377, 393-95 (3d Cir. 2000).   Therefore, discovery will typically not be permitted beyond the administrative record in ERISA cases unless some extrinsic factor exists, such as a structural conflict of interest or significant procedural anomalies.

      The parties seem to agree that the LTD plan should be reviewed under an arbitrary and capricious standard. Likewise, the Court finds that the STD plan should also be reviewed under an arbitrary and capricious standard.   The Court is unpersuaded by Plaintiff's argument that the phrase "Liberty reserves the right to determine if your Proof of loss is satisfactory" is inadequate to vest Liberty with the discretion.   The Court finds that Defendants have put forth sufficient evidence to show that Liberty was indeed conferred with discretion to construe the terms of the Plan.   Furthermore, as distinguished from *Viera*, the term "proof" has been defined under this Plan, and is not ambiguous. Therefore, the Court's analysis turns to whether a structural conflict or procedural anomaly exists.

      **B.  Structural Conflict of Interest**

        **1. Standard of Review**

      The Supreme Court in *Glenn* altered the way in which a conflict of interest is handled by the courts. *Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct. 2343, 2348 (2008).   Previously, a

finding of a conflict of interest resulted in the heightening of the arbitrary and capricious standard along a sliding scale, taking into account several factors including, the "sophistication of the parties, the information accessible to the parties, the exact financial arrangement between the insurer and the company; and the status of the fiduciary, as the company's financial or structural deterioration might negatively impact the presumed desire to maintain employee satisfaction." *Stratton v. E.I. Dupont de Nemours & Co.*, 363 F.3d 250, 254 (3d Cir. 2004) (internal quotations omitted). *Glenn* rejected heightening the arbitrary and capricious standard. In *Glenn*, the Supreme Court reasoned that *Firestone* held that the word "factor" implies that courts should review the propriety of benefit denials, by taking into account many factors, including a conflict of interest. *Glenn*, 128 S.Ct. at 2351 (discussing *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989)). Effectively, the Court reaffirmed *Firestone* to the extent that deference should be given to "the lion's share of ERISA claims." *Id.* at 2350. The Court opined that the conflict of interest may be more important in circumstances "suggesting a higher likelihood that it affected the benefits decision," and would prove less important "when the administrator has taken active steps to reduce potential bias." *Id.* at 2351. Potential bias could be reduced "by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decision making irrespective of whom the inaccuracy benefits." *Id.* In any event, the governing standard requires Plaintiff to show that the denial of benefits was arbitrary and capricious, with a conflict of interest as simply one factor for the court's consideration. *Estate of Schwing v. The Lilly Health Plan*, 562 F.3d 522, 525 (3d. Cir. 2009); *see also Howley v. Mellon Financial Corp.*, No. 08-1748, 2010 WL 3397456, at *4 (3d Cir. Aug. 31, 2010)

  A conflict of interest can be created, for example, when an employer both funds and

evaluates employee claims. *Glenn*, 128 S.Ct. at 2348. A conflict of interest can also be created if an employer pays an independent insurance company to both evaluate claims and pay plan benefits. *Id.* at 2349; *Pinto v. Reliance Standard Life Ins. Co.*, 214 F.3d 377, 383 (3d Cir. 2000). However, a conflict of interest is not present if an employer funds a benefits plan, but an independent third party is paid to administer the plan. *Pinto*, 214 F.3d at 383. Additionally, if an employer establishes a plan and creates an internal benefits committee vested with the discretion to interpret the plan and administer benefits, a conflict of interest does not exist. *Id.*; *see also Post v. Hartford Ins. Co.*, 501 F.3d 154, 164 n. 6 (3d Cir. 2007).

### 2. Application

In this case, the STD plan is self-funded by Defendants, which greatly reduces potential bias. Additional potential for structural conflict of interest is further mitigated when, as here, the employer hires a third-party (here, Liberty) to administer the plan. *Pinto*, 214 F.3d at 383. Indeed, Plaintiff has not distinguished between the STD and LTD plans in arguing a conflict of interest. Plaintiff's sole argument is that "a conflict of interest exists here because an insurance company (Liberty) was retained by [Defendants] to both evaluate and pay long-term disability claims." *Plaintiff's Brief in Support,* Docket Entry No. 29-1, *17. As such, the Court finds that there is no structural conflict of interest with respect to the STD plan which could open the door to discovery beyond the administrative record.

In contrast, claims under the LTD plan are both evaluated and administered by Liberty. While this in itself can create a conflict of interest, as delineated in *Glenn,* such a conflict is only one factor among many for the Court to consider. It is important to note here, as Defendants do, that Plaintiff's LTD benefits were denied "solely due to his failure to meet the elimination period

14

outlined in the Plan. Thus, Liberty conducted no administrative review of Plaintiff's claim under the LTD plan." *Defendant's Brief in Opposition,* Entry No. Document 31, *14. Because there was no administrative review, the likelihood that the conflict (i.e. the fact that Liberty both evaluated and administered the LTD plan) influenced this decision is mitigated.

Further, the Court notes that discovery beyond the administrative record would be unnecessary because a conflict of interest should be considered only as "a factor in determining whether Defendants abused its discretion in denying Plaintiff's benefits." *Glenn*, 128 S.Ct. at 2346; *see also Magera v. The Lincoln National Life Insurance Company*, 2009 WL 260993 at *6 (M.D. Pa. Feb. 4, 2009). Therefore, because the Court can determine whether a conflict of interest exists based on documents in the administrative record, and because the finding of conflict of interest would not alter the rule that the entire record consists of the evidence in front of the administrator when making the decision under review, the Court denies Plaintiff's motion to compel discovery beyond the administrative record. *See Zurawel v. Long Term Disability Income Plan For Choices Eligible Employees of Johnson and Johnson*, Civil Action No. 07-5973, 2010 WL 3862543 (D.N.J. Sept. 27, 2010).

### C. Procedural Irregularities

As with the existence of a conflict of interest, the existence of procedural abnormalities could open the door to discovery beyond the administrative record and a court may "consider evidence of potential biases and conflicts of interest that is not found in the administrator's record." *Howley v. Mellon Financial Corp.*, 625 F.3d 788, 793-94 (C.A.3 N.J. 2010)(*quoting Kosiba v. Merck & Co.*, 384 F.3d 58, 67 n. 5 (3d Cir.2004); *see also Burke v. Pitney Bowes Inc. Long-Term Disability Plan*, 544 F.3d 1016, 1028 (9th Cir.2008) ("[T]he district court may consider evidence

15

outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest.") (internal quotation marks omitted).   However, given the Supreme Court's holding in *Glenn*, evidence of procedural abnormalities, or some other bias, is to be considered as a factor in determining whether an administrator's denial of benefits was arbitrary and capricious in the same way that the existence of a conflict of interest is to be considered as a factor.   As this Court has held before, the existence of procedural abnormalities is not an automatic trigger permitting discovery beyond the administrative record. *See Shvartsman,* 2012 U.S. Dist. LEXIS 80328 and *Muccino,* 2012 U.S. Dist. LEXIS 80327.

Further, procedural abnormalities are determined by a review of the administrative record. *See Zurawel*, 2010 WL 3862543.   In this case, Plaintiff's allegations of procedural irregularities do not rise to the level which would warrant discovery beyond the administrative record.   *Delso* requires that a "reasonable suspicion of misconduct" exist before permitting expanded discovery. Plaintiff's examples of procedural irregularities consist of allegations that Defendants "rubber stamp" Liberty's recommendations to deny benefits, that Defendants had an incentive to terminate Plaintiff's benefits without conducting an administrative review, that Liberty relied on vendors with close financial relationships with insurers, and that Liberty uses doctors who have an incentive to make a finding of "not disabled." *Plaintiff's Brief in Reply,* Docket Entry No. 33, *5. Plaintiff also alleges that Liberty unjustly relied on the opinions of Drs. Kramer and Burns in denying Plaintiff's benefits.   The Court finds these broad allegations to be lacking a factual basis and concludes that they do not raise a reasonable suspicion of misconduct by Defendants or Liberty.

**III.   Conclusion**

For the reasons set forth above, the Court finds that discovery beyond that which is in the administrative record is not warranted. As a result, Plaintiff's motion is DENIED WITHOUT PREJUDICE. An appropriate order follows.

Dated: January 28, 2013

                                               s/ Tonianne J. Bongiovanni
                                     **TONIANNE J. BONGIOVANNI**
                                     **United States Magistrate Judge**