NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH STEVENS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SANTANDER HOLDINGS USA, INC. SELF-INSURED SHORT TERM DISABILITY PLAN, SANTANDER HOLDINGS USA, INC. LONG TERM DISABILITY PLAN, SANTANDER HOLDINGS USA, INC. and LIBERTY LIFE ASSURANCE COMPANY OF BOSTON d/b/a LIBERTY MUTUAL,<br><br>　　　　Defendants. | Civil Action No. 11-7473 (PGS)<br><br>MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge**

　　This matter has been opened to the Court upon Plaintiff Joseph Stevens' ("Plaintiff") Motion seeking leave to file a second amended complaint [Docket Entry No. 38]. Defendants Santander Holdings, USA, Inc., et al. ("Defendants") oppose Plaintiff's motion [Docket Entry No. 40]. The Court has fully reviewed the submissions of the parties and considers same without oral argument pursuant to FED. R. CIV. P. 78. For the foregoing reasons, Plaintiff's Motion to Amend is DENIED.

**I.　　Background and Procedural History**

　　Plaintiff Joseph Stevens is a former employee of Defendant Santander Holdings, USA, Inc., where he was employed for several years as a Retail Investment Service Representative. The underlying case relates to Plaintiff's appeal of Short Term Disability (STD) and Long Term Disability (LTD) eligibility.

After being diagnosed with several medical impairments, Plaintiff applied for an STD claim, subsequently approved by Liberty, which paid him benefits from October 5, 2010 through February 5, 2011. On March 1, 2011, Liberty discontinued Plaintiff's STD benefits. As a result of this, Plaintiff was no longer eligible for LTD benefits.

After filing an unsuccessful administrative appeal, Plaintiff then brought this action in federal court on December 22, 2011 [Docket Entry No. 1] alleging violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff amended his complaint on April 20, 2012 and thereafter sought expanded discovery in this ERISA case by way of motion filed on June 22, 2012. *See* Docket Entry Nos. 14, 29. Plaintiff's motion was denied by this Court in a Memorandum Opinion and Order ("Opinion") entered on January 28, 2013 [Docket Entry Nos. 36, 37].

Plaintiff now moves this Court for leave for file a second amended complaint, arguing that the STD Plan is not covered by ERISA. Plaintiff asserts that the STD Plan is actually a payroll practice, which is "exempted from ERISA pursuant to 29 C.F.R. § 2510.3-1(b)(2)[.]" *Plaintiff's Brief in Support,* Docket Entry No. 38-2, *2. Plaintiff argues that the STD Plan is a payroll practice because the "[b]enefits of the Plan are paid from the general assets of the Sponsor" and because the amount of the benefits paid under the Plan are "correlated with Plaintiff's salary." *Id.* at *5, 6. Plaintiff further argues that the labeling of the STD Plan as an ERISA Plan is non-dispositive as it is "only one factor in determining whether ERISA applies[.]" *Id.* at *8.

Defendants argue that Plaintiff's motion is procedurally barred and should be denied as such. Defendants argue that a "good cause" standard under FED. R. CIV. P. 16(b)(4) applies because the parties had agreed upon a deadline of May 31, 2012 to amend their pleadings in their

2

original Joint Discovery Plan. Defendants argue that Plaintiff was "aware of the contents of the STD Plan well before he made the instant Motion." *Defendants' Brief in Opposition,* Docket Entry No. 40, *8. Defendants claims that Plaintiff "has not alleged any good cause to amend his Complaint at the eleventh hour" and that the motion should be denied.

Defendants further argue that Plaintiff's motion is prejudicial to Defendants and that it was filed in bad faith and causes undue delay. Defendants submit that Plaintiff's motion is brought for the primary purpose of circumventing this Court's January 28, 2013 Opinion denying Plaintiff's motion for discovery. Defendants contend that in light of this Court's Opinion, discovery is complete and all that remains in this matter is the filing of dispositive motions. *Id.* at *7. Defendants maintain that Plaintiff improperly moves now, upon receiving an adverse decision, to amend his complaint in such a way that would "fundamentally chang[e] the nature and scope of the litigation" and that same would cause undue delay in resolving this matter. *Id.* at * 8.

**II.    Analysis**

Pursuant to FED.R.CIV.P. 15(a)(2), leave to amend the pleadings is generally given freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). In cases where a scheduling order

has been issued, a party seeking to modify same must show good cause to depart from the deadlines set forth in that order. FED.R.CIV.P. 16(b)(4).

The Court notes that a formal Pretrial Scheduling Order was not issued in this case. Defendants correctly note that the Joint Discovery Plan contained an original deadline of May 31, 2012 for either party to move to amend the pleadings. However, that Plan, which was submitted by the parties in advance of the April 11, 2012 Initial Conference, was not adopted by the Court or placed on the docket. During the Initial Conference, Plaintiff's counsel indicated that she wished to file a First Amended Complaint and the Court granted leave for same to be filed within ten days following the conference. Thereafter, the only deadlines set in this matter related to Defendants' Answer to the amended complaint as well as the briefing schedule regarding Plaintiff's Motion for Discovery. Neither party indicated that they wished to impose a new deadline for the filing of amended pleadings and therefore, the Court finds that same was not contemplated by the parties and that this motion is procedurally improper.

Moreover, Plaintiff's brief does not cite or mention Rule 15 or Rule 16, let alone argue that the motion is appropriate at this juncture. Plaintiff's brief instead substantively argues that the STD Plan should be characterized as a payroll practice and never mentions the procedural standard to amend. Indeed, the Court is persuaded by Defendants' contention that it appears Plaintiff's motion is simply an end-run to this Court's Opinion denying discovery.

### III.   Conclusion

For the reasons set forth above, the Court finds that Plaintiff's motion for leave to file a second amended complaint is improper. As a result, Plaintiff's motion is DENIED. An appropriate order follows.

Dated: April 10, 2013

                                                    s/ Tonianne J. Bongiovanni  
                                        **TONIANNE J. BONGIOVANNI**  
                                        **United States Magistrate Judge**